UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTINA N.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C20-5560 RSM

**ORDER REVERSING DEFENDANT'S DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff seeks review of the denial of her application for Supplemental Security Income Benefits. Plaintiff contends the ALJ erred by rejecting two doctors' opinions that Plaintiff had mental limitations that would last at least 12 months, as required to establish disability. Pl. Op. Br. (Dkt. 21), p. 1. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff is 35 years old, has at least a high school education, and has no past relevant work. Admin. Record ("AR") (Dkt. 19) 28, 77. On September 26, 2017, Plaintiff applied for benefits, alleging disability as of April 1, 2017. AR 77–78, 181–82. Plaintiff's application was denied initially and on reconsideration. AR 76–102. After the ALJ conducted a hearing on

1  February 14, 2019, the ALJ issued a decision finding Plaintiff not disabled.  AR 20–30, 35–75.

2  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the
3  Commissioner's final decision.  AR 1–3.

4 **DISCUSSION**

5  This Court may set aside the Commissioner's denial of Social Security benefits only if
6  the ALJ's decision is based on legal error or not supported by substantial evidence in the record
7  as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).  The ALJ is responsible for
8  evaluating evidence, resolving conflicts in medical testimony, and resolving any other
9  ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Although
10 the Court is required to examine the record as a whole, it may neither reweigh the evidence nor
11 substitute its judgment for that of the ALJ.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.
12 2002).  When the evidence is susceptible to more than one interpretation, the ALJ's
13 interpretation must be upheld if rational.  *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir.
14 2005).  This Court "may not reverse an ALJ's decision on account of an error that is harmless."
15 *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

16 **A.  Dr. Garren's and Dr. Crampton's Opinions**

17  Plaintiff argues the ALJ erred by partially rejecting the opinions of Dr. Garren and Dr.
18 Crampton.  In particular, the ALJ found that the limitations to which these doctors opined were
19 not reasonably expected to persist for 12 months.  *See* AR 28.  To qualify for disability benefits,
20 an individual must suffer from one or more impairments that preclude all work activity, and last
21 or be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §
22 1382c(3)(A).

23  Dr. Garren was one of Plaintiff's treating providers.  *See* AR 447–48, 515–17, 545–72,

579–80, 582–89.  Dr. Garren completed a questionnaire from Plaintiff's counsel on January 3, 2019.  AR 447–48.  Dr. Garren reported she had treated Plaintiff since October 22, 2018.  AR 448.  Dr. Garren agreed with counsel's prompt that Plaintiff had limitations in her ability to perform certain basic work activities.  AR 447–48.  Dr. Garren attributed Plaintiff's limitations to severe depression, anxiety, and panic attacks.  *Id.*  Dr. Garren opined Plaintiff's limitations would become severe enough to interfere Plaintiff's ability to complete an eight-hour workday "at least hourly, if not more frequent [sic]."

Dr. Garren also completed a medical report on January 3, 2019.  AR 582–85.  Dr. Garren opined Plaintiff had major depression and generalized anxiety, which was "severely exacerbated by an unexpected death of her child (at 37 [weeks] gestation)."  AR 582.  Dr. Garren opined Plaintiff's "limitations include her ability to focus, memory retention, interpersonal interactions and completing most daily job functions."  *Id.*  Dr. Garren opined Plaintiff's "ability to care for her own basic needs is currently severely limited due to mental/emotional health."  *Id.*  Dr. Garren opined Plaintiff's limitations would last for at least 12 months.  AR 583.

Dr. Crampton examined Plaintiff on February 6, 2019.  *See* AR 590–94.  Dr. Crampton opined Plaintiff had marked or severe limitations in her ability to perform multiple basic work activities.  *See* AR 592.  Dr. Crampton opined Plaintiff's limitations would last for nine to 12 months.  AR 592.

The ALJ found the opinions of Dr. Garren and Dr. Crampton "persuasive as to bereavement following the death of her infant upon birth on October 22, 2018."  AR 28.  The ALJ reasoned, however, that the doctors' "limitations are not reasonably expected to persist for 12 months considering the proximity in time their opinions were given and the claimant's loss."  *Id.*  The ALJ further reasoned these opinions "are not persuasive as to the earlier time based on

treatment records discussed above in evaluating [the opinions of non-examining doctors Gary Nelson, Ph.D., and Patricia Kraft, Ph.D.], which [are] more persuasive." *Id.*

The Commissioner argues new regulations promulgated in 2017 change the standard by which the ALJ's reasons for rejecting medical providers' opinions are measured. *See* Def. Resp. Br. (Dkt. 22), pp. 2–5. Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The opinions of Dr. Garren and Dr. Crampton are contradicted by the opinions of Gary Nelson, Ph.D., and Patricia Kraft, Ph.D., so the specific and legitimate standard would apply unless the Commissioner's new regulations change this standard. *See* AR 83–85, 97–99.

The genesis of the "specific and legitimate" standard was the Ninth Circuit's decision in *Murray v. Heckler*, 722 F.2d 499 (9th Cir. 1983). In *Murray*, the ALJ rejected the opinions of a treating doctor in favor of the opinions of an examining doctor. *See id.* at 501. The Ninth Circuit reviewed precedent from other circuits and determined an ALJ must ordinarily give more weight to the opinions of a treating doctor because that doctor is "'employed to cure'" the claimant and has a "'greater opportunity to observe and know the patient as an individual.'" *Id.* at 502 (quoting *Bowman v. Heckler*, 706 F.2d 564, 568 (5th Cir. 1983)). Thus, "[i]f the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray*, 799 F.2d at 502. The Ninth Circuit made no reference to regulations promulgated by the Social Security Administration regarding treatment of medical opinions in reaching its conclusion. *See id.*

      In 1991, the Commissioner promulgated regulations setting forth standards for reviewing medical regulations.  *See* Standards for Consultative Examinations and Existing Medical Evidence, 56 Fed. Reg. 36932-01, 1991 WL 142361 (Aug. 1, 1991).  Those regulations established a hierarchy mirroring the one set out by the Ninth Circuit, in which treating sources are given more weight than non-treating sources, and examining sources are given more weight than non-examining sources.  *See id.* at *36935–36; 20 C.F.R. § 416.927(c).  The Ninth Circuit mentioned these regulations in its 1995 opinion in *Lester*, and continued to rely on the "specific and legitimate" standard.  *See Lester*, 81 F.3d at 830–31.

      In 2017, the Commissioner issued revised regulations eliminating the hierarchy of medical opinions.  *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017).  Under the new regulations, for claims filed on or after March 27, 2017, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources."  20 C.F.R. § 416.920c(a).  The Commissioner's new regulations still require the ALJ to explain his or her reasoning, and to specifically address how he or she considered the supportability and consistency of the opinion.  *See* 20 C.F.R. § 416.920c.

      The Ninth Circuit has not yet considered whether the 2017 regulations will cause it to reevaluate the standard set forth in *Murray* for review of medical opinions.  This Court is bound by precedent of the Ninth Circuit and may not overrule a decision from that court.  *See In re Albert-Sheridan*, 960 F.3d 1188, 1192–93 (9th Cir. 2020); *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001); *see also Kimble v. Marvel Entm't, LLC*, 576 U.S. 446, 455 (2015) ("Overruling precedent is never a small matter.").

      The new regulations do not clearly supersede the "specific and legitimate" standard.  That

standard is not an articulation of how ALJs must weigh or evaluate opinions, but rather a standard by which the Court evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence. Whatever factors the Commissioner considers in evaluating a medical opinion, the ALJ must explain his or her reasoning to allow for meaningful judicial review, and the Ninth Circuit's "specific and legitimate" standard is merely a benchmark against which the Court evaluates that reasoning.

Turning to the ALJ's reasons for rejecting the temporal portions of Dr. Garren's and Dr. Crampton's opinions, the ALJ erred. The only explanation the ALJ gave was that the opinions were rendered shortly after Plaintiff suffered the loss of her unborn child. This explanation is wholly conclusory, and fails to reference any substantive evidence undermining the doctors' opinions. *See Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988) (holding an ALJ may not rely on conclusory reasons to reject a doctor's opinions). That a doctor renders his or her opinion as to the duration of a claimant's limitations in close proximity to the event that caused those limitations does not inherently undermine the value of that opinion, as doctors are regularly tasked with forecasting the duration of an individual's impairments. The ALJ thus erred.

The ALJ also found the opinions of Dr. Garren and Dr. Crampton did not apply to the period before October 22, 2018, the date of plaintiff's intrauterine fetal demise, because they were contradicted by the overall medical record. *See* AR 28. Plaintiff does not contest that the opinions of Dr. Garren and Dr. Crampton do not apply to the period before October 22, 2018, so the Court does not address this issue. The ALJ's reasoning here, by its own terms, though, does not justify rejecting the doctors' opinions for the period of October 22, 2018 forward, so the ALJ failed to provide a valid reason for rejecting the doctors' opinions for that period.

ORDER REVERSING DEFENDANT'S
DENIAL OF BENEFITS AND REMANDING
FOR FURTHER PROCEEDINGS - 6

**B.     Scope of Remand**

Plaintiff cursorily asks the Court to remand this matter for an award of benefits.  *See* Pl. Op. Br. 21, p. 5.  Except in rare circumstances, the appropriate remedy for an erroneous denial of benefits is remand for further proceedings.  *See Leon v. Berryhill*, 880 F.3d 1041, 1043 (9th Cir. 2017) (citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014)).  Plaintiff has not analyzed the factors the Court considers before remanding for an award of benefits, nor shown any rare circumstances.  The Court will remand for further administrative proceedings.

On remand, the ALJ shall reevaluate Dr. Garren's and Dr. Crampton's opinions.  The ALJ shall reassess Plaintiff's RFC, and all relevant steps of the disability evaluation process.  The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 8th day of April, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE