1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTINA V. NEWTON, ) | |
| ) | CASE NO. C20-5560-RSM |
| Plaintiff, ) | |
| ) | ORDER GRANTING PLAINTIFF'S |
| vs. ) | MOTION FOR ATTORNEY'S FEES |
| ) | UNDER 42 U.S.C. § 406(b) |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

    Presently before the Court is Plaintiff Christina V. Newton's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b).  Dkt. #28.  Defendant Commissioner of Social Security (the "Commissioner") neither supports nor opposes Plaintiff's request for attorney's fees.  Dkt. #31.

    Attorney's fees may be awarded to a successful social security claimant's lawyer for his or her representation before a court pursuant to 42 U.S.C. §§ 406(b).  *Straw v. Bowen,* 866 F.2d 1167 (9th Cir.1989).  Plaintiff must apply to the Social Security Administration for an award of fees for representation at the administrative level.  42 U.S.C. § 406(a); *Stenswick v. Bowen,* 815 F.2d 519 (9th Cir.1987).  Under 42 U.S.C. § 406(b), the Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25% of the total past-due benefits.  *See Grisbrecht*

ORDER - 1

*v. Barnhart*, 535 U.S. 789 (2002).  Plaintiff was awarded $31,474.00 in past due benefits.  Dkt. #28-3 at 2.  Twenty-five percent of past due benefits is $7,868.50.  The Court concludes that the attorney's fees sought by counsel are reasonable within the meaning of § 406(b).  Plaintiff's counsel is entitled to a gross attorney fee of $7,868.50, reduced by the Administrative Fees of $5,896.00 that previously were awarded, leaving a net fee of $1,972.50.

Furthermore, the Commissioner requests that this Court clarify the source of payments and actions taken in the event of insufficient funds available to satisfy the award, given that the Commissioner is not obligated to pay section 406(b) fees from its general fund.  Plaintiff has not objected to this request and the Court finds no basis for denial.

## CONCLUSION

Accordingly, having reviewed Plaintiff's Motion, the exhibits and declarations attached thereto, Defendant's Response, and the remainder of the record, the Court ORDERS as follows:

1) Plaintiff's Motion for § 406(b) fees, Dkt. #28, is GRANTED.  It is ORDERED that reasonable fees in the amount of $1,972.50 are awarded to Plaintiff's attorney, David P. Oliver, pursuant to 42 U.S.C. § 406(b).  Upon receipt, Plaintiff's counsel will refund directly to Plaintiff any fees he previously received under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.
2) This payment of fees compromises 25% of Plaintiff's past-due benefits.
3) Any payment of fees is from the claimant's withheld past-due benefits.  If the Commissioner has not withheld past-due benefits sufficient to satisfy this order and Plaintiff's attorney reports he is unable to collect the fee from the claimant, the Commissioner will satisfy this Order via the procedures in Program Operation Manual System (POMS) GN 03920.055.C.

ORDER - 2

IT IS SO ORDERED.

DATED this 25th day of August, 2023.

                                                        RICARDO S. MARTINEZ
                                                        UNITED STATES DISTRICT JUDGE

ORDER - 3